

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ELIZABETH BARDAUSKIS
Assistant Corporation Counsel
phone: (212) 356-3159
fax: (212) 356-3509
ebardaus@law.nyc.gov

January 22, 2016

BY ECF
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: John Walston v. City of New York, et al.
       15 CV 05203 (LGS) (FM)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense in the above-referenced matter. As an initial matter, the undersigned apologizes to the Court and plaintiff for the lateness of this application, as a response to the First Amended Complaint that was due on January 20, 2016. Defendants City and Juan Nolasco intend to move for dismissal of the claims against Detective Juan Nolasco in the First Amended Complaint, as well as dismissal of any claims against the City, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant City and Nolasco understand that Your Honor does not require a pre-motion conference for such motions, but write to respectfully request that the Court endorse the motion schedule set forth herein.

    Plaintiff alleges, *inter alia*, that, on July 25, 2014, he was unlawfully stopped, searched, and arrested without probable cause. Plaintiff also alleges that he complained about being handcuffed tightly, but his complaints were ignored. Further, plaintiff also alleges that defendants, including Nolasco, conveyed false information to prosecutors and that as a result, he was maliciously prosecuted until the charges were ultimately dismissed in his favor.

    Defendants believe that the First Amended Complaint has failed to plead any cognizable claims. As a threshold matter, § 1983 imposes liability only upon a defendant who

personally "subjects, or causes to be subjected" any person to the deprivation of any federal right. Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). Outside of being assigned as the arresting officer for the date in question and processing paperwork, Nolasco was in no way involved in plaintiff's arrest or detention. In addition, it is unclear what claims in the First Amended Complaint are directed at the City of New York, but in any event, plaintiff has failed to state a municipal liability claim. Accordingly, a plausible §1983 claim cannot be made against Nolasco, nor the City.

Based on the foregoing, defendants City and Nolasco propose the following motion schedule:

- Defendants City and Nolasco will move to dismiss no later than February 16, 2016;
- Plaintiff will oppose the motion by March 15, 2016; and
- Defendant City and Nolasco City will file any reply no later than March 29, 2016.

For the reasons described above, defendants City and Nolasco respectfully request that the Court endorse the proposed motion schedule herein.

Defendants City and Nolasco thank the Court for its time and consideration in this regard.

Respectfully submitted,

*Elizabeth Bardauskis*

Elizabeth Bardauskis
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  Baree N. Fett, Esq. (by ECF)
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007