

GABRIEL P. HARVIS
BAREE N. FETT

January 22, 2016

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *John Walston v. City of New York, et al.*, 15 CV 5203 (LGS)

Honorable Judge Schofield:

    I am counsel for Mr. John Walston. Plaintiff writes in response to defendant City's letter filed earlier today and to respectfully request that the Court deny defendant's application.

    The City of New York answered the complaint on September 24, 2015, approximately four months ago. As detailed in plaintiff's letter dated January 15, 2016 (ECF no. 16), that answer triggered the further deadlines of Local Rule 83.10, which are predicated on the parties' good faith participation in a mandated course of mediation. Under the rules, if either side elects to forego that process, they are required to make an application for exemption within two weeks of the answer, which in this case would have been October 8, 2015. *See* Local Civil Rule 83.10(4)(a). Defendant made no such application.

    Rather, following production of its initial disclosures on October 15, 2015, defendant failed to comply with any of the ensuing deadlines – all the while promising plaintiff and the mediator forthcoming compliance. This culminated in multiple adjournments of the mediation and, ultimately, in plaintiff's January 15th application to seek exemption from mediation. As the Court may recall, plaintiff's application itself resulted from defendant having informed plaintiff at the eleventh hour (and seven months after the Complaint was filed) that the case was designated a no pay.

Plaintiff sought an expedited discovery schedule.[1]

By violating the spirit and letter of the City's own plan for a case like this, it allowed itself a unilateral four month latency period in which it neither participated in the process nor notified plaintiff of its intention to do otherwise.

Now, without ever notifying plaintiff of its purported concerns with the pleading, and without extending even the courtesy of conferring with counsel on a proposed briefing scheduled or inquiring as to plaintiff's position on the implicit further three-week extension of the response deadline it seeks, defendant burdens this Court with the specter of a meritless motion. Notably, defendant appears to have styled its motion for an extension as a "letter" event under ECF to avoid the meet and confer obligations imposed by the Federal Rules.

On the merits, Nolasco's purported motion is frivolous. First, this officer, who defendant claims in its letter is utterly disconnected from plaintiff's arrest, was in fact disclosed by the City as one of two officers in the universe with knowledge of the disputed events. *See* Defendant's Fed. R. Civ. P. 26(a)(1)(A)(i) Initial Disclosures, annexed hereto as Exhibit 1.[2] Second, as Your Honor recently held, evidence that is not attached to or referenced by the complaint – such as counsel's unsupported conclusion that Detective Nolasco was insufficiently involved to state a claim – cannot be considered on a motion to dismiss:

> It is no more proper to consider the New Videos on this motion than any other type of evidence a defendant might unilaterally proffer from outside the pleadings. The fact that evidence is inconsistent with a complaint's allegation is not a reason to consider it on a motion to dismiss.

*Gonzalez v. City of New York*, 14-CV-7721 (LGS), 2015 WL 6873451, *5 (S.D.N.Y. Nov. 9, 2015) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010).

Based on plaintiff's allegations and defendant's Initial Disclosures, as well as the City's admission in its application that Nolasco prepared the allegedly false paperwork, there is an ample basis to assert a fabrication of evidence claim against

---

[1] The Court granted plaintiff's application at ECF no. 17.

[2] Defendant never supplemented or corrected its Initial Disclosures.

him. *See, e.g.*, *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276 (S.D.N.Y. 2010) ("A claim under § 1983 for violation of the right to a fair trial lies where a police officer "creates false information likely to influence a jury's decision and forwards that information to prosecutors.") (citing *Ricciuti v. New York City Transit Auth.,* 124 F.3d 123, 130 (2d Cir. 1997).[3]

Plaintiff is mystified by defendant's statements in support of its contemplated motion on behalf of the City of New York. *See* Def. Ltr. at p. 2 ("[I]t is unclear what claims in the First Amended Complaint are directed at the City of New York."). There is no uncertainty in the claims pled against the City. *See* First Amended Complaint at ¶¶ 3, 5, 8, 40-42, 54-60 (invoking supplemental jurisdiction and pleading state law malicious prosecution against the City of New York, based on a timely-filed notice of claim). Defendant has not articulated any basis to dismiss this claim and plaintiff submits that, at the pleading stage, none can be advanced in good faith.

Accordingly, plaintiff respectfully requests that the initial conference proceed as scheduled and, if it pleases the Court, argument on the matters raised in the parties' submissions be heard at that conference.

Thank you for your attention to these matters.

Respectfully submitted,

Baree N. Fett

cc:    Elizabeth Bardauskis, Esq. (by ECF)

---

[3] This is the sort of thing plaintiff would have explained to defendant had defense counsel contacted the undersigned prior to filing the City's letter motion.