

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELIZABETH BARDAUSKIS**
*Assistant Corporation Counsel*
Phone: (212) 356-3159
Fax: (212) 356-3509
Email: ebardaus@law.nyc.gov

January 25, 2016

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York, 10007

    Re:    John Walston v. City of New York, et al.
                15-CV-5203 (LGS)(FM)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York and Det. Juan Nolasco in the above-referenced matter. Defendants respectfully write in response to plaintiff's application to the Court dated January 15, 2016 regarding: (1) removal of the case from the Plan; (2) a request for an initial pretrial conference; and (3) expedited discovery. Defendants do not object to the removal of the case from the Southern District of New York's Plan for Certain Section 1983 Cases against the City of New York under Local Rule 83.10 ("the Plan"), and do not object to the request for an initial pretrial conference, which is already scheduled for February 2, 2016 at 10:40 a.m. However, defendants wish to respond to plaintiff's letter and advise the Court of their position regarding expedited discovery.

        As an initial matter, Your Honor's Civil Case Management Plan and Scheduling Order calls for discovery to be completed within a period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances. As Your Honor's practice already sets a limited time period for discovery, defendants believe that this should be sufficient, without any further expedited schedule.

        Second, defendants respectfully submit that plaintiff's request should be denied because he has not provided any evidence to permit the Court to make an informed decision as to why he should be granted expedited discovery in the instant action. Courts in the Second Circuit employ the two tests when deciding motions for expedited discovery. KWG Partners, LLC v. Sigel, 11-CV-2890 (NGG) (JMA), 2011 U.S. Dist. LEXIS 75900, at *3 (E.D.N.Y. July 14, 2011). The first test is the so-called Notaro test, under which plaintiffs must demonstrate:

> (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discover and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted.

Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). Plaintiff has not demonstrated that he will suffer irreparable injury if he is not granted expedited discovery beyond the discovery schedule Your Honor usually imposes. Thus, plaintiff has not provided a compelling reason as to why he is entitled to discovery on an additional expedited basis.

Moreover, plaintiff's proposal of expedited discovery fails the second test employed by this Circuit, a "reasonableness test," because plaintiff has not articulated how the discovery he seeks would "assuage [his] desire to limit harm that a delay might cause." Evergreen Distribs., LLC, 2013 U.S. Dist. LEXIS 143948, at *12. Accordingly, plaintiff's request for expedited discovery fails under either test employed in this Circuit.

Plaintiff names two individual defendants in the above-referenced matter. Detective Juan Nolasco was served on December 30, 2015. Undercover Officer #12, who is retired, is not yet served.[1] Defendants timely served initial disclosures and limited discovery, which included documents that would not be required under the Plan, but not disciplinary records. At the time the documents were served, on October 15, 2015, only "Undercover #12"— who was then unserved, was named in the caption. As Undercover #12 was not a party (and unidentified), our Office could not provide disciplinary records for him. Nolasco was not added to the caption until plaintiff amended the Complaint on December 18, 2015. Nolasco was served on December 30th, and this Office assumed representation for Nolasco on January 13, 2016. As such, at the time of the disclosure of documents, there were no individual party defendants for whom we were obligated to produce disciplinary records. Thus, there has been no dilatory conduct by this Office in providing plaintiff with limited discovery.

With respect to mediation, defendants engaged in telephone conversations with both plaintiff, as well as the mediator, as soon as they became aware of the issue regarding service of the undercover officer. The "overdue materials" plaintiff sought were the disciplinary histories of officers who were not yet parties at the time such information was sought. As part of these calls, the parties also discussed these records and this Office's reasons for not providing same under the Plan. As for counsel being advised for the "first time" on January 14, 2016, that defendants are taking a "no-pay" position on the case, counsel was advised on the very same day as the decision was made by this Office. Thus, there was simply no lapse in time regarding such communication, as counsel appears to imply. In any event, plaintiff himself had already

---

[1] Plaintiff's counsel represented that she made an attempt to serve the undercover officer at 1 Police Plaza, and while we have no reason to doubt her, the fact remains that neither the individual officer nor his command were aware of any such service and there was in effect no constructive notice of service on the part of the undercover officer before he retired. In response to this issue, this Office took the necessary steps to collaborate with the New York City Police Department ("NYPD") in communicating with a retired undercover so that he can consent to NYPD accepting service on his behalf.

expressed a desire to have the case removed from the Plan prior to learning of the City's no-pay position.

For the foregoing reasons, defendants respectfully request that plaintiff's application for expedited discovery be denied in its entirety and for any such further relief as the Court deems just and proper.

Defendants thank the Court for its consideration of this application.

Respectfully submitted,

*Elizabeth Bardauskis*

Elizabeth Bardauskis
*Assistant Corporation Counsel*

cc: <u>VIA ECF</u>
Baree N. Fett, Esq.
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007

<u>VIA EMAIL</u>
A. Rene Hollyer, Esq.
*Mediator*
200 Park Avenue, Suite 1700
New York, New York 10166
Email: arh-esq@hollyerlaw.com

Rebecca Price
*Director, ADR Program*
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007
mediationoffice@nysd.uscourts.gov