

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**ELIZABETH BARDAUSKIS**
*Assistant Corporation Counsel*
Tel.: (212) 356-3159
Fax: (212) 356-3509
ebardaus@law.nyc.gov

January 26, 2016

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  John Walston v. City of New York, et al.
>       15-CV-05203 (LGS)(FM)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City and Detective Juan Nolasco in this matter. Defendants write on behalf of both parties in response to the Court's Order dated January 19, 2016, requiring the parties to submit a status letter one week in advance of the initial conference, presently scheduled on February 2, 2016. The parties submit the following:

**Plaintiff's Position on the Nature of the Case; Claims & Defenses**

    1.) Plaintiff's Statement of the Case

        This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution for claims against the City of New York. Mr. Walston alleges that on the morning of July 25, 2014, he was lawfully sitting on a bench inside of a public park in the Bronx, when defendants approached him and illegally stopped, searched and arrested him. Thereafter, Mr. Walston was arraigned and bail was imposed. Unable to make bail, plaintiff was held on Rikers Island for approximately six days before being released. All charges against him were dismissed on or about December 2, 2014.

In his first amended complaint, Mr. Walston asserts state and federal law claims for false arrest, malicious prosecution, excessive force, denial of a constitutional right to a fair trial and failure to intervene.

2.) Anticipated Motions

Plaintiff does not anticipate any motions at this time.

3.) Discovery Conducted Thus Far

Pursuant to the Plan for Certain § 1983 Cases Against the City of New York ("the Plan"), the parties have exchanged their Initial Disclosures. No additional discovery has been conducted. The parties respectfully refer the Court to their letter applications at Docket entries nos. 16 and 22 for their respective positions on the status of discovery conducted thus far.

4.) Computation of Damages

Plaintiff respectfully submits that he cannot, at this juncture, make a reasonable computation as to the quantitative nature of his damages. These types of damages are not susceptible to the type of calculation contemplated by Rule 26(a)(1). *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000) ("[c]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury.").

Plaintiff will also seek punitive damages. Plaintiff respectfully submits that the calculation of these damages is premature and also not susceptible to the type of calculation contemplated by Rule 26(a)(1). *See Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 386 (D. Tex. 1997). Plaintiff will also seek to recover his costs and reasonable attorneys' fees.

5.) Procedural Posture

As reflected in the parties' submissions at Docket entries nos. 16 and 22, after being designated a Plan case in July 2015 and exchanging initial disclosures, no additional discovery was conducted and no mediation conference was held. Instead, defendant first advised the undersigned on January 14, 2016, that this matter was designated a "no pay" case and as such defendant would not be participating in the mediation process. Thereafter, following a letter application by plaintiff dated January 15, 2016 the Court scheduled a pretrial initial conference on February 2, 2016.

6.) Status Settlement

As addressed *supra*, the parties do not foresee the possibility of settlement at this time.

## Defendants' Position on the Status of the Case

Plaintiff alleges, *inter alia*, that, on July 25, 2014, he was unlawfully stopped, searched, and arrested without probable cause. Plaintiff also alleges that he complained about being handcuffed tightly, but his complaints were ignored. Further, plaintiff also alleges that defendants, including Nolasco, conveyed false information to prosecutors and that as a result, he was maliciously prosecuted until the charges were ultimately dismissed in his favor.

Plaintiff filed the Complaint on July 3, 2015. Defendant City filed its answer on September 24, 2015. On January 22, 2016, Detective Juan Nolasco filed a letter application to the Court, advising the Court of its intention to move to dismiss the claims against him on the grounds of lack of personal involvement, as well as any claims of municipal liability against the City.

As this case commenced under the Plan, both parties have exchanged their Rule 26(a) Initial Disclosures and limited discovery. However, disciplinary records under the Plan, as explained in the defendants' letter to the Court dated January 25, 2016, have not yet been disclosed.

Undercover #12, who is now retired, has not yet been served. This Office is awaiting his formal written consent for the NYPD to accept service on his behalf. Once such written consent is received, Undercover #12 is served, and a request for legal representation is received, a determination regarding representation of this officer may be made. This Office does not anticipate any representation issues with respect to Undercover #12.

On January 25, 2016, Your Honor endorsed the following briefing schedule: defendants' response to the First Amended Complaint dismissing the First Amended Complaint is due February 11, 2016; plaintiff's response is due by March 3, 2016; and defendants' reply, if any, is due March 10, 2016.

### Depositions

To date, no depositions have been scheduled.

### Status of Settlement

Plaintiff has not made a formal demand, and thus defendants have not made a settlement offer in this case. To date, no settlement discussions have taken place, as both parties were initially hopeful that the case could be resolved through mediation, as encouraged by the Plan. Defendants have since decided to forego early settlement of this matter.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

*Elizabeth Bardauskis*

Elizabeth Bardauskis
*Assistant Corporation Counsel*

cc:    VIA ECF
       Baree N. Fett, Esq.
       *Attorney for Plaintiff*
       305 Broadway, 14th Floor
       New York, New York 10007
       New York, New York 10006