UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN WALSTON,

                      Plaintiff,

-against-

CITY OF NEW YORK; Undercover Officer #12; Detective JUAN NOLASCO, Shield No. 2379; Lieutenant MICHAEL DUNN; Detective ANTHONY RUMPH, Shield No. 06686; Detective FRAM ROEKTHANOM, Shield No. 07359; Police Officer ANDRE ARIAS, Shield No. 9366; Detective CARLOS MARCHENA, Shield No. 06212; Police Officer JOSE CINTRON; and JOHN and JANE DOE 1 through 10, individually and in their official capacities,

                      Defendants.
------------------------------------------------------------------x

**THIRD AMENDED COMPLAINT**

15 CV 5203 (LGS)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of the Administrative Code of the City of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State and New York City claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff John Walston ("plaintiff" or "Mr. Walston"), an African American man, is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Undercover Officer No. 12 ("UC12"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant UC12 is sued in his individual and official capacities.

10. Defendant Detective Juan Nolasco, Shield No. 2379 ("Nolasco"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nolasco is sued in his individual and official capacities.

11. Defendant Lieutenant Michael Dunn, ("Dunn"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dunn is sued in his individual and official capacities.

12. Defendant Detective Anthony Rumph, Shield No. 06686 ("Rumph"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rumph is sued in his individual and official capacities.

13. Defendant Detective Fram Roekthanom, Shield No. 07359 ("Roekthanom"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Roekthanom is sued in his individual and official capacities.

14. Defendant Police Officer Andre Arias, Shield No. 9366 ("Arias"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Arias is sued in his individual and official capacities.

15. Defendant Detective Carlos Marchena, Shield No. 06212 ("Marchena"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Marchena is sued in his individual and official capacities.

16. Defendant Jose Cintron ("Cintron"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cintron is sued in his individual and official capacities.

17. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

18. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

19. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

20. At approximately 10:00 a.m. on July 25, 2014, Mr. Walston was lawfully inside of a public park at Aldus Street and Hoe Avenue, in Bronx, New York.

21. As Mr. Walston lawfully sat on a park bench, he was approached by defendant officers and ordered to stand up.

22. Plaintiff complied and defendants began to search him without his consent or permission.

23. As members of the public inside of the park looked on, defendants then ordered Mr. Walston to pull his pants down to his knees.

24. When Mr. Walston asked why he was being ordered to pull his pants down, defendants again ordered him to lower his pants.

25. Humiliated, Mr. Walston complied.

26. Defendants then ordered Mr. Walston to jump up and down.

27. Mr. Walston complied.

28. Defendants ordered Mr. Walston to squat.

29. Mr. Walston complied and squatted.

30. A defendant officer with, upon information and belief, a gloved hand, put his hand between Mr. Walston's buttocks.

31. Feeling disgraced and demeaned, Mr. Walston was finally allowed to

pull up his pants.

32. No contraband was ever recovered from Mr. Walston.

33. Defendants tightly handcuffed Mr. Walston and put him in a prisoner van.

34. After being driven around for approximately five hours, and in excruciating pain from severely tight handcuffs, Mr. Walston was finally taken to the 41st Precinct.

35. Once at the Precinct, Mr. Walston was strip-searched a second time.

36. No contraband was recovered.

37. At the precinct defendants falsely informed employees of the Bronx County District Attorney's Office that they had observed plaintiff engage in criminal sale and criminal possession of a controlled substance, felony offenses.

38. At no point did the officers observe Mr. Walston commit any crime or offense.

39. Plaintiff sustained bruising and swelling to his wrists and forearms from the unreasonably tight handcuffs.

40. Plaintiff was taken to Bronx Central Booking.

41. Mr. Walston was arraigned in Bronx County Criminal Court, where bail was set.

42.     Unable to pay the set bail, Mr. Walston was taken to Rikers Island.

43.     While incarcerated on Rikers Island, plaintiff was jumped and assaulted by inmates, causing him to suffer scratches and contusions to his face, back and stomach.

44.     After approximately six day on Rikers Island, Mr. Walston was released.

45.     Plaintiff was compelled to appear in criminal court on or about December 2, 2014, where he was told the charges against him had been dismissed.

46.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

47.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

48.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

49.     Upon information and belief, defendants took law enforcement action with regard to Mr. Walston based solely on his actual and/or perceived color and/or race.

50.     Mr. Walston suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain,

bodily injury, illegal strip-searches, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

53. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

59. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

60. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### State Law Malicious Prosecution

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

63. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with criminal sale and possession of a controlled substance. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

64. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

65. All charges were terminated in plaintiff's favor.

66. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

67. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. The individual defendants created false evidence against plaintiff.

73. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

74. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

75. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Failure To Intervene

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

78. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

79. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Bias-Based Profiling

80. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

81. In initiating law enforcement action against Mr. Walston based on his actual and/or perceived race and/or color rather than Mr. Walston's behavior or other information linking him to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

82. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:   April 22, 2016
         New York, New York

                                    HARVIS & FETT LLP

                                    _____
                                    Baree N. Fett
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    bfett@civilrights.nyc

                                    *Attorneys for plaintiff*